VICKSBURG AND MERIDIAN RAILROAD COMPANY *v.* THE STATE.

1. TRADING CAR. *Privilege tax.  Liability of supply car.*

The fact that a railroad company runs a car over its road containing goods suitable to the wants of its employees and which are furnished to them in payment of their wages, no sales being made to other persons and only to them in payment of their wages, does not make such car a " trading car" within the meaning of § 585 of the Code of 1880, which imposes a tax for the privilege of running a " trading car."

2. PRIVILEGE TAX. *Law imposing, how construed.*

A law imposing a privilege tax must be construed favorably to the citizen, and no occupation is to be taxed unless clearly within the provision of the law.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The Vicksburg and Meridian Railroad Company was indicted for keeping and running a " trading car" on its road without having paid the privilege tax imposed upon such business by § 585 of the Code of 1880, and having obtained the license required. The defendant plead not guilty.

At the trial it was proven that the defendant kept and run a " supply car," which was operated under and in accordance with instructions as follows :

" (1) To sell nothing for money, and under no circumstances to accept any money for goods sold; (2) to sell to no person whose name is not borne on the pay-rolls of the company as a laborer or servant; and (3) when sales are made to give the laborer a ticket showing the amount of his purchases and put the same amount on the pay-roll as a payment on account of wages to the said laborer." The court instructed the jury to find the defendant guilty, which they did, and from the judgment on such verdict the defendant appealed.

*Nugent & McWillie,* for the appellant.

It is found to be necessary for the appellant, in the care of its track, maintenance of its way, and proper management of its business to have a " supply car " for its laborers and employees, and to furnish them with such articles as they may need from time to time upon their pay-rolls. The only motive to embark in the business is as stated, though the effort is to make the same self-supporting. No supplies are sold to any one not connected with the road, and the agent is not authorized to collect any money for sales. The supply car traverses the railroad from Vicksburg to Meridian and back. Is this " supply car " a " trading car " within the meaning of the law ? The " supply car " is not intended as a business by itself, nor as a *trading car,* or car intended for general purposes of trade.

The general rule of interpretation in respect to these license or privilege tax laws is that they are to be construed *strictly.* Every charge upon the subject must be imposed by clear and unambiguous language. A doubt will solve the construction in favor of the citizen. Cooley on Taxation 201, note 2 ; *Sewell* v. *Jones,* 9 Pick. 412–14; *United States* v. *Wigglesworth,* 2 Story 369, 373 ; Cooley on Taxation 202.

*J. L. Harris,* for the State.

1. The proposition that the legislature only intended to impose the license tax upon trades, pursuits, and occupations followed or maintained with the object of making profit was first advanced, in this State at least, in the case of the *Lee Mutual Fire Insurance Company* v. *The State,* 60 Miss. 395.

In that case the court said : " The argument is plausible, but the facts of this case do not call for its decision." It is therefore still an open question.  See *Germania* v. *The State,* 7 Md. 1 ; *Sears* v. *West,* 1 Murphey 291.

2. The employees of the railroads of this State and their families number tens of thousands of persons, and if they were supplied by the railroads through the agency of trading cars and at greatly reduced prices it would deprive merchants and others of their most valuable trade.  It would greatly cripple the licensed merchants of towns like McComb City and Water Valley, where the railroad employees constitute one-half the population.

3. It appears from the evidence that a memorandum is made of the purchases and the amount thereof deducted from the wages of the employees at the end of the month.  In other words, the company sells on credit or account and not for cash.  It is not conceived that this prudential or necessary regulation can alter the legal principles involved.

COOPER, J., delivered the opinion of the court.

The fact that the appellant ran a car over its track supplied with provisions and clothing suitable to the wants of its employees, and delivered such supplies to its laborers in payment of the wages due them, selling to no other persons, and not to the laborers except in payment of wages, did not make it a trader within the popular meaning of that word, nor its car a trading car taxable under § 585 of the Code of 1880.  Laws imposing privilege taxes are to be construed in favor of the citizen, and no occupation is to be taxed unless clearly within the provision of such laws.  *Ex parte Taylor,* 58 Miss. 478.

*Judgment reversed.*