BLUFF CITY RAILWAY COMPANY v. EDGAR M. CLARKE, TAX COLLECTOR.

[49 South. 177.]

PRIVILEGE TAXES. *Licenses. Statutory provisions exacting. Code* 1906, § 3780. *Construction. Wharfboats.*

Laws imposing privilege taxes are liberally construed in favor of the citizen; and a stationary building of three floors, erected on piles, into which goods are unloaded from boats, and which during low stages of the river is not reached by the water, is not a "wharfboat" within Code 1906, § 3780, imposing a privilege tax on the business of conducting a wharfboat, although the building serves the purposes of a wharfboat.

95 Miss.—44

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

The railway company, appellant, was plaintiff in the court below; Clarke, tax collector, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

The defendant, tax collector, demanded $100 of plaintiff as a privilege tax for conducting a wharfboat business and threatened to enforce payment. Plaintiff paid the demand under protest and sued to recover back the sum so paid. The other facts are stated in the opinion of the court.

*E. E. Brown,* for appellant.

*George Butler,* assistant attorney-general, for appellee.

ALEXANDER,* special judge, delivered the opinion of the court.

The structure in and by means of which the business of appellant was conducted is a stationary building under the bluff at Natchez, erected on piles driven into the ground and so located that for several months of the year, during low stages of the river, water does not reach it. To accommodate the varying stages of the river, the building has three floors, the first being merely the earth, and goods are unloaded from boats upon these floors and conveyed by an inclined railway up the bluff. A charge is regularly made for unloading boats, and occasionally storage charges are exacted, where goods are not at once hauled up the incline. Whatever this structure may be called, it certainly is not a wharfboat. It is not a boat of any kind. We do not understand such to be the contention of the appellee; but the tax is sought to be collected on the theory that the building

---

* FLETCHER, J., having been interested in the case before his appointment to the bench, recused himself, and C. H. ALEXANDER, ESQ., a member of the supreme court bar, was appointed and presided in his place.

serves the purposes of a wharfboat, and that the law looks to the business conducted instead of the property employed in it.

It is undeniably true that every privilege tax is imposed on the business, and not on its instrumentalities, and the license is a personal privilege to engage in the business. But this view does not aid appellee; for the controlling question still is whether appellant operated a wharfboat. We are of the opinion that it did not. The most that can be said is that it devised a building, having none of the essential characteristics of a boat, and so located and constructed it that to some extent it served the purposes of a wharfboat. Laws imposing privilege taxes are to be liberally construed in favor of the citizen, and courts will not extend the statute imposing such taxes beyond the clear meaning of the language employed. *V. & M. R. R. Co. v. State*, 62 Miss. 105; *Ex parte Taylor*, 58 Miss. 478, 38 Am. Rep. 336.

*Reversed, and judgment here for appellant.*