Board of Levee Com'rs for Yazoo Mississippi Delta *v.* Howze Mercantile Co.*

(Division B. March 19, 1928.)

[116 So. 92. No. 26999.]

1. Statutes. *Law imposing privilege tax should be liberally construed in favor of taxpayer.*

Law imposing a privilege tax should be liberally construed in favor of citizens sought to be assessed with tax, and no occupation will be taxed unless it clearly appears that it comes within provision of law.

2. STATUTES. *Courts, on doubtful interpretation of privilege tax law, will not extend it beyond clear meaning of language employed.*

On doubtful interpretation, privilege tax laws will not be construed as imposing burdens on citizens, and courts will not extend statute imposing such tax beyond clear meaning of language employed.

3. LICENSES. *Dealer in coffins in village having less than two hundred population held not liable for privilege tax (Hemingway's Code Supp. 1921, section 6494; Hemingway's Code 1927, section 6730).*

Laws 1920, chapter 104, section 13 (Hemingway's Code Supp. 1921, section 6494), imposing certain privilege taxes, *held* not to require payment of tax by dealers in coffins operating in village of population of two hundred inhabitants, in view of classification of cities, towns, and villages, under Hemingway's Code 1917, section 5795 (Hemingway's Code 1927, section 6730).

---

*Corpus Juris-Cyc. References: Licenses, 37CJ, p. 181, n. 85; Statutes, 36Cyc, p. 1189, n. 76, 77.

APPEAL from circuit court of Coahoma county, Second district.

HON. W. A. ALCORN, JR., Judge.

Suit by the Howze Mercantile Company against the board of levee commissioners for the Yazoo Mississippi Delta. Judgment for plaintiff, and defendant appeals. Affirmed.

*J. A. Tyson*, for appellant.

The contention of the appellee is that Sledge was a "village" because it had less than three hundred inhabitants, and was not a "town" within the meaning of the word "town" as used in section 6494, Hemingway's Supplement, 1921, or section 13, Ordinances of said levee board, which provide for the privilege taxes claimed, and that consequently the Howze Mercantile Company, doing business as a coffin dealer in Sledge, was not liable for the privilege taxes collected. This contention is

. based upon the proposition that the word "town" as used in section 6494, Hemingway's 1921 Supplement, and section 13 of the Levee Board Ordinances, has the same meaning as it has in section 5795, Hemingway's 1917 Code, which classifies municipal corporations, and by such classification defines a "town" to be a place having not less than three hundred inhabitants. On the other hand, the contention of the appellant is that Sledge was a "town" within the meaning of said section 6494, Hemingway's Supplement, 1921, for the reason that that word as used in that section was used by the legislature according to its commonly accepted meaning and in its popular sense. *Murphy* v. *State,* 66 Miss. 46.

In *Harris Ice Cream Co.* v. *Hartsock,* 127 Miss. 271, the question was presented to this court as to whether or not a citizen of an unincorporated village or town could claim his exemption under section 1822, Hemingway's Code 1917. The court said: "There is nothing in the language of this (the exemption statute) by which it can be determined whether the city, town or village mentioned must be incorporated or unincorporated."

*Chambers & Trenholm,* for appellee.

Appellant contends that the words: "city or town of less than two thousand inhabitants," includes a village. Appellee contends, and the trial court held, to the contrary. It is true that this court adopted that definition of a town in the case of *Murphy* v. *State,* 66 Miss. 46, but that was in 1869, before the legislature fixed the statutory definition of cities, towns and villages, which appears for the first time in the Code of 1892. Also, in that case the question was whether Mississippi City, not incorporated, was in fact a town, the court holding that the privilege license was due if Mississippi City was a town in fact, tho not incorporated, the statute using the word "town."

Appellant next says that the word "town" in the afore-said statute and ordinance should include a village because this court held, in the case of *Harris Ice Cream Co.* v. *Hartsock,* 127 Miss. 271, 90 So. 7, that under the exemption statute it made no difference whether the place where the exemptionist resided was incorporated or not. However, the court went further and said that if the statute under consideration dealt with governmental powers it would refer to municipal corporations, as an unincorporated municipality could not exercise governmental powers. Surely privilege tax statutes deal with *governmental powers.* When you consider that one of the privilege tax statutes permits municipalities to collect privilege taxes, there is no escape from that conclusion. Therefore, if the Harris Ice Cream case is any authority here, it is to the effect that the words "cities," "towns" and "villages" as used in privilege tax statutes mean such municipalities as defined by the code. Therefore, "towns" cannot include "villages."

Laws imposing privilege taxes are to be construed in favor of the citizens, and no occupation is to be taxed unless clearly within the provisions of such laws. *V. & M. R. R. Co.* v. *State,* 62 Miss. 105. Can it be said, considering the whole act, that coffin dealers in "villages" are clearly within the provisions of a statute placing a tax on such dealers in "city or town of less than two thousand inhabitants?" We respectfully say *no!* That this court is within its right in placing a strict and narrow construction upon legislation of this kind is well demonstrated in *Wilby* v. *State,* 93 Miss. 767, 47 So. 465. In *State* v. *Grenada Cotton Compress Co.,* 123 Miss. 191, 85 So. 137, the state undertook to so construe a privilege tax "on each compress company" as to make it apply to each "compress." In other words the state endeavored to read the word "company" out of the statute, just as the levee board is here endeavoring to read the word "village" into it. In dismissing the suit the court said:

"We are not justified in cutting out or eliminating the word 'company' especially when we remember that a privilege tax is in the nature of a license to do business and not a property tax. The statute is not so written, and the plain words of the statute must in this instance be our sole guide." Finally, in *I. C. R. R. Co.* v. *Jordan,* 63 Miss. 458, this court held that the use of the words: "city, town or village" in the statute regulating the speed of trains had reference to incorporated municipalities, since it permitted a suit on behalf of the such city, town or village to recover a penalty for its violation, and since a suit could only be brought and maintained by a municipality with a legal existence—a legal entity.

PACK, J. Sledge is a village of two hundred people situated in the Yazoo Mississippi Delta levee district. Appellee was a dealer in coffins in this village. Among the ordinances of the levee board levying privilege taxes in the district was one reading as follows:

"Coffins—[13.] On each dealer in coffins in city or town of less than two thousand inhabitants, twenty-five dollars."

This is a *verbatim* copy of chapter 104, Laws 1920; section 6494, Hemingway's Supplement 1921.

Appellee applied for a refund of seventy-five dollars privilege taxes paid to the levee board for operating business in said village for the years 1922 to 1924, inclusive. Its claim was first presented to the state auditor, who, with the Governor and the attorney-general, approved same for payment. The levee board refused payment. Thereupon, suit was filed in a justice of the peace court, and upon appeal to the circuit court, judgment was rendered in favor of appellee.

The sole question at issue is the liability of appellee for this tax. In other words, shall *"town"* in the statute be construed as including *"village?"*

Appellant contends that the word "*town*" as here used was in its commonly accepted dictionary meaning, and as defined in *Murphy* v. *State,* 66 Miss. 46, 5 So. 626. That definition, if accepted, would be inclusive of "village." Section 5795, Hemingway's Code 1917 (section 6730, Hemingway's Code 1927) provides as follows:

"Municipal corporations are divided into three classes, viz.: Cities, towns and villages. Those having two thousand inhabitants or more are cities, those having less than two thousand and not less than three hundred inhabitants are towns, and those having less than three hundred and not less than one hundred inhabitants are villages. A municipal corporation shall not be created with a less population than one hundred inhabitants."

A law imposing a privilege tax should be liberally construed in favor of citizens sought to be assessed with the tax. No occupation will be taxed, unless it clearly appears that it comes within the provision of the law. *Vicksburg & Meridian R. Co.* v. *State,* 62 Miss. 105; *State ex rel. Atty.-Gen.* v. *Grenada Cotton Compress Co.,* 123 Miss. 191, 85 So. 137. Upon doubtful interpretations, privilege tax laws will not be construed as imposing burdens upon citizens. *Ex parte Taylor,* 58 Miss. 478, 38 Am. Rep. 336. Courts will not extend the statute imposing such taxes beyond the clear meaning of the language employed. *Bluff City R. R. Co.* v. *Clark,* 95 Miss. 689, 49 So. 177.

Applying these rules of construction to this statute, we are led to the conclusion that the legislature did not intend to impose this tax on coffin dealers in villages. A reading of the entire chapter on "Privilege Taxes" reveals the legislative intent to distinguish between towns and villages in the imposition of this tax. Section 6493, Hemingway's Supplement 1921, immediately preceding the section in question, recognizes a difference. It fixes one tax on Coca-Cola dealers in towns of not more than one thousand inhabitants, and not less than three hun-

dred inhabitants, and a smaller tax on dealers in villages of less than three hundred inhabitants.

It is obvious that the legislature never intended to tax dealers in coffins operating in villages. We think section 6730, Hemingway's Code 1927, affords a basis for making the classification.

The judgment of the court below will be affirmed.

*Affirmed.*