MOORE, SHERIFF AND TAX COLLECTOR, *v.* STANDARD OIL CO., INC.*

(Division B.   June 4, 1928.)

[117 So. 370.   No. 27349.]

*Corpus Juris-Cyc. References: Statutes, 36Cyc, p. 1189, n. 75, 77.

*J. L. Byrd,* Assistant Attorney-General, for appellant.

*G. G. Lyell,* for appellee.

PACK, J. Appellant, Thomas Moore, sheriff and tax collector of Hinds county, instituted suit against the appellee, Standard Oil Company, a corporation, doing business in Jackson, Miss., to recover from appellee two privilege licenses of twenty-five dollars each, together with one hundred per cent. statutory damages thereon, for conducting two greasing racks, owned and conducted by appellee at two separate service stations in Jackson. It is admitted that appellee had paid one of the privilege licenses required, covering the period in question.

The question for decision is whether appellee is liable for a privilege tax on each of several oil and greasing stations owned and operated by it in Jackson, or whether, having taken out and paid one privilege license, it was authorized to operate two or more such stations under the same license.

The governing statute is section 37, chapter 118, Laws of 1926 (section 7611, Hemingway's 1927 Code), which provides:

"Sec. 37. *Car Service Establishments.* All firms, corporations, and individuals conducting what are known as 'car washing' or 'oiling and greasing' stations, or 'car parking room' for pay, whether in the open or in an enclosed building when operated separate from a garage or repair station, which has paid the required license as such, or top repair and upholstering shops, paint shops for painting and repainting cars and vehicles of all kinds, shall pay a state privilege license as follows:

In cities of 15,000 inhabitants or more ........ $25.00
In cities of 10,000 inhabitants and not more
   than 15,000 ................................ 15.00
In cities of 5,000 inhabitants and not more
   10,000 .................................... 10.00

In all towns and cities of less than 5,000 ...... 5.00"

As heretofore held by this court: ·

"Laws imposing privilege taxes are to be liberally construed in favor of the citizen, and courts will not extend the statute imposing such taxes beyond the clear meaning of the language employed." *Bluff City Railway Co.* v. *Clarke*, 95 Miss. 689, 49 So. 177.

And: "No occupation will be taxed, unless it clearly appears that it comes within the provision of the law." *Board of Levee Commissioners* v. *Howze Mercantile Co.* (Miss.), 116 So. 92, not yet officially reported.

From a mere reading of the statute, it is clear that it imposes a privilege tax on each firm, corporation, or individual conducting "car washing" or "oil and greasing stations," and that one firm, one corporation, or one individual may pay the one state privilege tax and operate two or more such stations under the said license in the city, subject of course, in addition thereto, to the privilege tax the city may lawfully levy.

The tax collector was without authority to collect more than one privilege license. The lower court so held, and we think, without error. The same question was decided by this court in *State ex rel. Collins, Attorney-General,* v. *Grenada Compress Co.,* 123 Miss. 191, 85 So. 137, and is controlling here. The judgment of the court below is affirmed.

*Affirmed.*