PAN-AMERICAN PETROLEUM CORPORATION *v.* MILLER, STATE TAX COLLECTOR.

(En Banc. May 6, 1929. Suggestion of Error Overruled June 10, 1929.)

[122 So. 393. No. 27667.]

*F. J. Lotterhos* and *George Butler,* both of Jackson, and *Lloyd Cobb,* of New Orleans, La., for appellant.

*Hannah & Simrall,* of Hattiesburg (*Amici Curiae*).

*J. H. Sumrall* and *H. Cassedy Holden,* both of Jackson, for appellee.

Argued orally by *F. J. Lotterhos, George Butler* and *Lloyd Cobb,* for appellant, and by *J. H. Sumrall,* and *H. Cassedy Holden,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The state tax collector brought suit against the Pan-American Petroleum Corporation for taxes alleged to be due by the appellant on gasoline on hand on the 26th day of April, 1928, said taxes being claimed under chapter 198 of the Laws of 1928. There was a judgment in the court below for thirty-nine thousand five hundred thirty-seven dollars and five cents. If the statute taxes gasoline on hand at the time of the passage of chapter 198, then the judgment is correct; but, if the statute does not apply to gasoline on hand at the time of the passage of the act, the judgment must be reversed.

Chapter 198 amends section 3 of chapter 119 of the Laws of 1926, and is divided into sections; that is to say, section 3 as amended, is divided into ten sections. By section 3 of chapter 198 it is provided:

"Before any person, firm, corporation, association, or co-partnership shall engage in business as a distributor or wholesale dealer of gasoline in the state of Mississippi, he shall first make application to the auditor of public accounts, upon forms prepared by the attorney general, for a permit to engage in said business.

"Each application shall state the name or names of the individuals, association, corporation or co-partnership desiring to engage in said business and give the domicile and principal place, or places of business in this state of the applicant from which gasoline will be distributed and the approximate amount of gasoline expected to be sold or distributed monthly, and no permit shall be issued to any applicant who is in arrears or default to the state, or any subdivision thereof, for any taxes or public funds, and if said application shall be approved by the auditor of public accounts, a permit shall be issued by the auditor of public accounts upon the said applicant entering into a good and sufficient surety bond, payable to the state of Mississippi; which bond shall not exceed all excise taxes estimated to become due by said distributor or wholesale dealer for any sixty day period, based upon the gallonage to be sold as shown by the application for a permit, if applicant has not heretofore been engaged in the business of distributor or wholesale dealer of gasoline as herein defined; or shown by sales for the previous year, if applicant heretofore has been engaged in such business in this state; provided that the minimum bond to be required of any licensee under this act shall not be less than three thousand dollars. The bond herein required shall be increased from time to time if deemed insufficient by the auditor upon giving to the licensee thirty days' notice in writing, to increase said bond, said notice to state the amount of increase demanded.

"Said bond to be conditioned that the licensee will fully comply with all laws pertaining to distributors or

wholesale dealers of gasoline and to pay all excise taxes and penalties provided for or required by this act for the year for which a permit has been granted.''

By section 6 of chapter 198 of the Laws of 1928 it is provided.

''Each distributor, or wholesale dealer of gasoline, within the state, shall report monthly to the auditor of public accounts, all purchases of gasoline, for sale or use over the streets and highways of this state, made by him during the preceding month, which report shall give the names and addresses from whom all gasoline received by him for above stated purposes, during the preceding month was acquired, and the excise tax herein provided shall be paid upon all of the gasoline purchased or acquired by said distributor or wholesale dealer for said purposes, during the preceding month, less three per cent for loss by evaporation, spillage, and other causes and except such as is exempted by section 1 of this act, and an invoice of all purchases of gasoline shall be kept on file by said wholesale dealer or distributor for twelve months from the date of purchase and shall be open to inspection by any state officer at all reasonable hours. The report herein required shall be filed with the auditor of public accounts, on or before the 20th day of each month, and shall be accompanied by an amount equal to the required tax per gallon on all gasoline received by said distributor for sale or use on the streets and highways in the preceding month except as herein otherwise provided. In case gasoline in storage is destroyed by explosion, fire, or tornado, then the wholesale dealer or distributor may deduct the amount so destroyed, on making proof thereof, approved by the state auditor.''

Section 7 provides that:

''All retailers of gasoline shall procure from the distributor or wholesaler, or persons from whom gaso-

line is acquired in any manner, invoices showing the amount of gasoline purchased or acquired, which invoices shall be preserved for two years from the date of the invoices and shall be opened for inspection at all reasonable hours by any official of the state of Mississippi.''

By section 8 all conflicting laws are repealed.

By section 9 it is provided that:

''If any section, paragraph, sentence, or clause of this act shall be declared unconstitutional, or illegal, such unconstitutionality or illegality shall not affect or destroy any other part, provisions, or sections of this act.''

The first section of chapter 198 after the enacting clause provides for the construction of the act, and that it shall not be construed to require the inclusion in the measure of tax any gasoline shipped in interstate commerce while the same is in transportation, but the gallonage of gasoline shipped or brought from another state or person into Mississippi shall be included in the measure of tax by the person first selling or declaring it to be his intention to sell, or using or expecting to use, the same on the streets or highways after it shall have been commingled with the general mass of property in this state.

By section 2 of chapter 119 of the Laws of 1926, any person engaged in the business of distributor of gasoline, or retail dealer of gasoline, is required to pay for engaging in such business a tax of four cents a gallon upon the sale of gasoline in this state by such dealer. No retail dealer shall be required to pay said excise tax when such tax may be paid by the distributor of gasoline, which may be sold at retail by such retailer, nor shall the distributor pay such tax when the same is paid by the retailer.

The next section, which is amended by the Laws of 1928, imposes a tax upon the use of gasoline in motor

driven vehicles upon the public roads and streets of this state of four cents a gallon.

The act of 1928 as to gasoline, and substitutes for gasoline, used upon the highways of the state, changed the method of collecting the tax, making the tax payable by the distributor, and imposing it upon the amount received by such distributor for use upon the highways of the state.

By section 3 of chapter 198 of the Acts of 1928, *supra,* any person, association, or partnership desiring to engage in the business of wholesale distributor or dealer was required to make an application to the auditor of public accounts upon a form prepared by the attorney-general for a permit to engage in said business, and is required to enter into bond to comply with the act, and make all remittances required thereby. The applicant is required to give the names of the persons comprising the partnership, or the name of the corporation or association or individuals, and their addresses, and principal place or places of business in the state, which bond should not exceed all the taxes estimated to become due by the distributor or wholesale dealer in the sixty days' period, based upon the gallonage to be sold, as shown by the application.

A's above stated, the first section of the act of 1928 provides that certain gasoline shall not be included in the scope of the act. By section 6, above set out, each distributor, etc., is required to report monthly to the auditor of public accounts all purchases of gasoline for sale or use over the streets and highways, etc., *made by him during the preceding month* (emphasis supplied), which report shall give the names and addresses of those from whom all gasoline is *received* by him for the above-stated purposes *during the preceding month,* and the excise tax therein provided shall be paid upon all the gasoline purchased or acquired by the distributor

or wholesale dealer for said purposes, *during the preceding month*, less three per cent loss by evaporation, spillage, and other causes, and except such as is exempted by section 1 of this act, and an invoice of all purchases of gasoline shall be kept on file by such wholesale dealer or distributor for twelve months from the date of purchase, and shall be open to inspection by any state officer at any reasonable hour.

The report required to be filed with the auditor of public accounts on or before the 20th day of any month, and is required to be accompanied by an amount equal to the required tax per gallon on all gasoline *received* by said distributor for use on the streets and highways *in the preceding month,* except as otherwise provided.

It is further provided that, in case the gasoline in storage is destroyed by explosion, fire, or tornado, then the wholesale dealer or distributor may deduct the amount so destroyed, on making proof of such fact.

It will be seen from an analysis of section 6 that the tax is upon purchases of gasoline, or gasoline received or acquired by the wholesale dealer or distributor during the preceding month. The plan of the statute is to require the dealer first to apply for a license to do business, stating in the application the amount he expects to handle for the purposes of his business upon the streets and highways of the state, and to give bond to comply with the provisions contained in section 6, and other provisions of the act.

The statute requires the dealer to make report to the auditor of public accounts for all such purchases for the purposes stated, made by him during the preceding month, on or before the 20th day of the succeeding month. The act nowhere provides in terms that the distributor or wholesale dealer shall report the amount of gasoline on hand at the time of the passage of the act. It cannot, by fair construction, be held that the

words, "Purchases of gasoline during the preceding month or received by him during the preceding month for said purposes, or acquired by the distributor or wholesale dealer," includes gasoline on hand. The act, by its language, clearly imports that the wholesaler or distributor shall report purchases of gasoline, or gasoline received or acquired after the passage of the act. It is a familiar rule of construction that a statute will be construed to operate prospectively, unless the language of the statute clearly means that it shall have a retroactive construction.

"It is an established rule of construction of statutes that a retroactive operation shall not be given to a statute unless it be the manifest intention of the legislature that it should have that effect." *Eastin* v. *Vandorn*, Walk. 214; *Gayden* v. *Bates*, Walk. 209; *Brown* v. *Wilcox*, 14 Smedes & M. 127; First Decennial Digest. Statutes.

Before a statute will be given a retroactive effect, there must be a plain declaration therein that it is so to operate. *Hooker* v. *Hooker*, 10 Smedes & M. 599; *Stewart* v. *Davidson*, 10 Smedes & M. 351.

A statute is not construed so as to give it a retroactive effect, unless its words admit of no other meaning. *Garrett* v. *Beaumont*, 24 Miss. 377.

The courts will not give a statute a retroactive operation, unless the intention of the legislature to that effect be plain and clear. Such legislation is unjust and condemned by the courts; but where the intent is plain, and it is liable to no other constitutional objection, it will be carried out. *Carson* v. *Carson*, 40 Miss. 349.

We think, therefore, that the statute is to have prospective operation, and that the first section of chapter 198, amending section 3 of the Laws of 1926, and providing what shall be excluded from provisions of the act, means such transactions as are had after the pas-

sage of the act, and does not have reference to past transactions, or to the amount of gasoline on hand at the time of the passage of the act.

It is, of course, a well-recognized rule of construction that, where an act enumerates the things to be excluded, the enumeration will be held to contain all that is to be. excluded. But there is nothing in this act to indicate that this section, or any other part of the act, is to have a retroactive operation.

It is also a well-recognized and fundamental rule of statutory construction that tax laws are to be construed in favor of the taxpayer, and the rule of strict construction in favor of the taxpayer prevails. As we understand this rule, the courts will not extend and expand a statute, imposing a tax burden, to make it include either subjects or persons not within the terms of the statute. Laws imposing privilege taxes are to be construed favorably to the citizen, and no occupation is to be taxed, unless clearly within the provisions of such law. *Vicksburg & Meridian R. Co.* v. *State,* 62 Miss. 105.

Unless plainly expressing a different purpose, a statute will be construed as intended to levy a single tax on property, even though the words of the law would ordinarily and naturally bear a broader and more general meaning. The courts will, as far as possible without doing violence to the words of the law, restrain such provisions of statutes as apparently authorize a double burden to be laid upon the same property or person. *State* v. *Simmons,* 70 Miss. 485, 12 So. 477.

Laws imposing privilege taxes approximate. an abridgement of the liberty of the citizen guaranteed to him by the Fourteenth Amendment of the Constitution of the United States, and should receive the strictest construction. *Wilby* v. *State,* 93 Miss. 767, 47 So. 465, 23 L. R. A. (N. S.) 677.

Laws imposing duties or taxes are not to be construed beyond the natural import of the language, and are

never to be construed as imposing burdens upon doubtful interpretation. *State* v. *Grenada Cotton Compress Co.,* 123 Miss. 191, 85 So. 137.

Laws imposing taxes are not to be construed as imposing burdens upon doubtful interpretation. *Sperry & Hutchison Co.* v. *Harbison,* 123 Miss. 674, 86 So. 455.

Revenue statutes are considered favorably to the citizen and the taxpayer, and the court will not place a construction thereon that will impose double taxation on the citizen, unless the language is plain. *Middleton* v. *Lincoln County,* 122 Miss. 673, 84 So. 907.

Tax sales are proceedings *in invitum,* and statutes authorizing such sales must be strictly construed as to time and place of sale. *Cuevas* v. *Cuevas,* 145 Miss. 456, 110 So. 865.

Tax laws are to be strictly construed against taxing power, and, if right to tax is not plain, it cannot be implied; all doubts being resolved in favor of the taxpayer. *Miller* v. *Illinois C. R. Co.,* 146 Miss. 422, 111 So. 558.

On doubtful interpretation, privilege tax laws will not be construed as imposing burdens on citizens, and courts will not extend a statute imposing such tax beyond the clear meaning of the language employed. *Board Levee Com'rs* v. *Howze Mercantile Co.,* 149 Miss. 843, 116 So. 92.

A law imposing a privilege tax should be liberally construed in favor of citizens sought to be assessed with the tax, and no occupation will be taxed, unless it clearly appears that it comes within the provision of the law. Same case as above cited.

These cases demonstrate the proposition that the language of the statute should not be extended so as to include doubtful cases, but that the language will be interpreted, where it can be fairly done, in favor of the citizen, as against the sovereign. We must presume that the legislature was familiar with these rules of con-

struction, and that they used the language in the statute with full knowledge of these rules; and the courts must determine the intention of the legislature, in passing an act, by the language used in the act itself.

In this case it is seriously argued that to give the act a retroactive effect, and make it include the gasoline on hand at the time of its passage, would make the tax as to this gasoline on hand a tax on property, and that it could not be taxed by this method under section 112 of the state Constitution.

Without passing any judgment whatever upon this contention, it is possible that the legislature was influenced by that view, and it might have purposely omitted the gasoline on hand to avoid the effect of any such construction. Anyway, it was for the legislature to determine whether it would tax the gasoline on hand, or whether it would, in changing its system, leave that free from the tax, making the tax operative in the future only.

We do not think that, construing the act as we have, and as we feel we must, from its plain language, in its ordinary significance, it has any unconstitutional effect, as contended by the state tax collector. The fact that one person or corporation may have a considerable amount of gasoline on hand, and another a relatively small stock, does not unconstitutionally affect the act, but that is a mere condition or fact that exists, which would have no effect in rendering the law unequal in its operation.

Under the construction we have placed upon the act, every person is taxed upon all of the gasoline purchased, acquired, or received, for the uses mentioned, after the passage of the act; and no person having gasoline on hand at that time is taxed thereon. The provision applies to all persons alike, and the gasoline which may have been on hand at the time, and may have been

sold without the payment of this tax, cuts no constitutional figure, as we understand the law.

It follows from what we have said that the judgment of the court below was erroneous, and the judgment will be reversed, and the bill dismissed.

*Reversed and rendered.*

ANDERSON, J., delivered a dissenting opinion.

Judge POTTER, the circuit judge who tried this cause, embodied his reasons for sustaining appellee's contentions in a written opinion which was made a part of the record in the case. The opinion embodies my views, and is so clearly reasoned, that I do not think I could do better than to adopt it, with some additional thoughts of my own, which may possibly, add some value thereto. Judge POTTER's opinion follows:

"This suit is presented on demurrer to the declaration of the state tax collector, wherein he sues, under chapter 198, Laws of 1928, to enforce payment of certain privilege taxes claimed against the Pan-American Petroleum Corporation, a distributor, for gasoline held for sale in this state on the date the act went into effect.

"The demurrer presents the question whether this act applies to gasoline acquired and brought into this state prior to the approval of the act, and held for distribution here on and after that date.

"Looking to the act of 1926, and the act of 1928 amending the same, the title of the last act, and the body of both acts, it is made certain that the purpose of the amending act was to change the time of privilege tax payment on gasoline from after sale to payment in advance on stock held for distribution. Under both schemes the tax is paid by the consumer, by having the tax charge added to the retail price.

"To determine the question presented, the second section (numbered 3) is mainly involved, as it defines the gasoline to be considered in computing the tax to be

paid. The third section (numbered 2) defines the distributor or person chargeable with the tax, and has little bearing upon the question. The first paragraph of the second section of the act sets out the gasoline to be excluded in computing the tax to be paid by the dealer. After the exclusion clause, this section provides: 'The gallonage of gasoline shipped or brought from another state or person into Mississippi shall be included in the measure of tax by the person first selling, or declaring it to be his intention to sell, or using or expecting to use the same on the streets or highways after it shall have been commingled with the general mass of property in the state. Provided, that distributors making shipments of gasoline into Mississippi, and dealers and retailers receiving gasoline shall pay all of the taxes imposed on gasoline when same is received in this state for sale or use on the streets or highways thereof.' Do the above quoted words, 'shipped or brought from another state,' or the words, 'dealers and retailers receiving gasoline shall pay all taxes imposed on gasoline when same is received in this state,' or the words in the third section (numbered 2), 'Every person,' etc., 'purchasing and acquiring in any manner 'for use,' etc., exclude from the operation of the act the gasoline in question? To so construe the act would enlarge the exclusion clause and change the meaning of the words, 'after it shall have been commingled with the general mass of property in this state.' The words, 'shipped or brought from another state,' as used in the act, relate to past, present, and future shipments into this state. The test is whether the distributor had gasoline on hand for sale in this state after the act went into effect. The words 'dealers and retailers gasoline' cannot be amended by construction to read 'dealers and retailers hereafter receiving gasoline.' The words, 'shall pay all taxes imposed on gasoline when received in this state for sale,'

cannot be construed to mean immediate payment on receipt of the gasoline in this state, as such construction would be in conflict with section 6, which provides that payment shall be made on the 20th day of each succeeding month. The words in the third section (numbered 2), 'Every person,' etc., 'purchasing or acquiring in any manner for use,' etc., have no different purpose or meaning. This section only undertakes to classify distributors, and must be subordinated to the main section in question, unless necessary to show a different intention of the legislature. The fact that the law as to exclusion from the tax and what is to be included therein has been in operation from 1926 up to the present time should control the case. The legislature did not intend that a dealer, in anticipation of the approval of the act, might prior thereto acquire and store large quantities of gasoline in this state and reap an unfair profit, or be placed in a position to undersell his competitor buying and bringing in gasoline after the passage of the act, and destroy his business. To thus construe the statute, it relates only to conditions existing at the time it went into effect, and those thereafter arising."

The rule that a taxing statute must be construed most strongly against the taxing power has no application, except where the statute in question is of doubtful meaning. There are certain well-established rules of construction that apply to all statutes, including taxing statutes. Where the meaning of a statute is not plain, resort should be had to the real purpose and intent of the legislature in adopting it, which, when ascertained, should be given effect, though the letter of the statute be violated. If necessary to effectuate the plain purpose of the legislature, the court will broaden or narrow the language of a statute; it will put in words or take out words if necessary to accomplish that purpose. A

construction which will bring about manifestly unthought of and unjust results will be avoided, if possible. *Kennington* v. *Hemingway,* 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B, 392; *Gunter* v. *City of Jackson,* 130 Miss. 637, 94 So. 844; *Canal Bank & Trust Co.* v. *Brewer,* 147 Miss. 885, 113 So. 552, 114 So. 127; *Robertson* v. *Texas Oil Co.,* 141 Miss. 356, 106 So. 449.; *Huber* v. *Freret,* 138 Miss. 238, 103 So. 3. .

Where a statute is obscure, the court, in construing it, should ascertain the conditions existing at the time of its enactment, the evils sought to be avoided, and the necessary effect produced by the statute. The court, in ascertaining the purpose of a statute, must look to entire legislation on the subject; all the statutes *in pari materia* should be considered, and, if the statute in question is susceptible of two reasonable constructions, the court will adopt that construction which harmonizes with the public policy of the legislature gathered from all the legislation on the subject. A statute should not receive such a construction as will render any of its provisions vain and useless. *Hamner* v. *Yazoo Delta Lumber Co.,* 100 Miss. 349, 56 So. 496; *Holly Springs* v. *Marshall County,* 104 Miss. 752, 61 So. 703; *Middleton* v. *Lincoln County,* 122 Miss. 673, 84 So. 907; *McKenzie* v. *Boykin,* 111 Miss. 256, 71 So. 382.

Now, applying these rules to the statute involved, section 3 of chapter 198, Laws of 1928, plainly provides exactly what gasoline shall form the basis of the tax. It provides that *all* gasoline brought into this state for sale or use on the public streets and highways of the state "shall be included in the measure of tax," except such gasoline as is exported from this state to another state, and such as is shipped in interstate commerce while in process of transportation. Putting it differently: This section of the statute, in unmistakable terms, excluded what gasoline *shall not be considered in levy-*

*ing the tax.* All other gasoline, regardless of when it was brought into this state, is "the measure of tax."

The majority opinion means that section 6 of the act destroys the plain purpose of the legislature as evidenced by section 3 of the act. The outstanding purpose of section 6 was not to declare a substantive rule of law, but rather a rule of procedure for the carrying out of the intention of the legislature as expressed in section 3. In laying down the procedure by which the tax should be ascertained and collected, the legislature evidently inadvertently excluded from consideration the gasoline on hand when the act went into effect.

It was stated in the argument that, when the act went into effect, there were large quantities of gasoline in the hands of distributors in this state for sale or use on the streets and highways of the state; that the quantity was so large there was involved to the state, in the decision of this case, probably five hundred thousand dollars of revenues. If that be true, of course, standing alone, it should not have any influence on the decision of this case, but in arriving at what the act means, I think it is a very proper element of consideration. Why should the legislature simply throw away a large amount of much needed revenue? The act evidences, on the part of the legislature, a mere transition from one method of taxing distributors of gasoline to another. Under the prior act, the basis of taxation was on the quantity of gasoline sold; under the present act, the basis of taxation is the quantity accumulated for the purpose of sale. Under the prior act, the tax was not due until the gasoline was sold; under the present act, it is due when it is accumulated for sale. On what ground could the legislature exempt from taxation distributors of gasoline on hand when the act went into effect? It had not been sold, and therefore no tax has been paid on it. If the old law had remained in force, the tax would have been

paid when it was sold. In going from the old law to the new law, what possible reason was there for the legislature to leave out gasoline that would have been taxed under the old law? In my opinion, the only answer to these questions is that the legislature intended no such result, and that such a result would be unjust, and unfair, if not absurd, and was not thought of by the legislature.

Furthermore, the construction put on the act by the majority opinion might make it violative of the equality clause of the Fourteenth Amendment to the Federal Constitution. For illustration: When the act went into effect, some distributors of gasoline in the state had on hand large quantities of gasoline, while other distributors had little or none. The majority opinion classifies the distributors acquiring gasoline after the act went into effect, and imposes a tax alone on them, while distributors acquiring gasoline before the act went into effect are exempt from the tax. The members of each class are doing exactly the same kind of business under the same conditions, and for the same purposes, yet one is taxed and the other is exempt. Is there any reasonable basis for such a classification? Why except one and tax the other? In construing a statute, such a construction should be put upon it as not to make it unconstitutional, if that can be done without violating the manifest purpose and intent of the legislature.