MOORE, STATE LAND COM'R, *v.* EASTMAN GARDINER LUMBER CO. *et al.*

(Division A.   Feb. 10, 1930.)

[126 So. 44.   No. 28401.]

**Wm. B. Fontaine, C. O. Jaap** and **Jack Thompson**, all of Jackson, for appellant.

360

**C. S. Street**, of Laurel, for appellees.

Argued orally by **W. B. Fontaine**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

The appellant, as the state land commissioner of this state, sued the appellee Eastman Gardiner Lumber Com-

pany and also C. C. White, Auditor of Public Accounts of the state of Mississippi, and Webb Walley, treasurer of the state of Mississippi, in the chancery court of Hinds county; the essential facts on which the bill was based being as follows: That the Eastman Gardiner Lumber Company is and was a wholesale dealer and distributor of gasoline; that, pursuant to chapter 198, Laws 1928, said company paid the sum of one hundred fifty-four dollars and twenty cents to the auditor of public accounts of the state, which payment was for three thousand eight hundred fifty-five gallons of gasoline at four cents per gallon, the tax imposed by the aforementioned chapter; and that said sum so paid was by the auditor of public accounts distributed according to law.

It is alleged in the bill that, by the decision of this court in the case of Pan American Petroleum Corporation v. Miller, State Tax Collector, 154 Miss. 565, 122 So. 393, the said law was not retroactive, that the tax was imposed on gasoline received, and that the four cents per gallon tax was not imposed on the gasoline held by the dealer on or before the date the law went into effect. It is further alleged that the sum so collected by the Auditor of Public Accounts of the state was subject to be refunded to the Eastman Gardiner Lumber Company, and that in reality the appellee company did not pay the money, but collected it from those who purchased its gasoline, the traveling public of the state of Mississippi, the ultimate consumers and users thereof; that the money was intended to be used in maintaining and constructing public roads, and that the said sum of money was, under the law, to be held in trust by the Eastman Gardiner Lumber Company for the consumers or purchasers; that it is an utter impossibility to ascertain the names of the real owners who purchased this gasoline; and that this money ought not to be refunded to the appellee, but should be used by the state of Mississippi for the purposes to which the tax was devoted.

Appellant further alleged that, under the law, he is escheator for the state of Mississippi, and that it is his duty to bring and prosecute suits to escheat property for the benefit and use of the state when said property has no known legal owners or heirs, and when the ownership of same cannot be found or determined, and prayed that the Auditor and Treasurer of the state of Mississippi be required to answer what funds of the appellee were in their possession by virtue of the collection of said tax, and that the court order that they not allow any refund, or pay to the appellee any sum of money on this account, and also that this fund be escheated to the state of Mississippi, and for attorney's fees, etc.

The appellee the Eastman Gardiner Lumber Company filed an answer stating in effect that it used gasoline in the operation of its sawmill business, but did not use same on the streets or highways of the state, that it paid this sum of money under protest to the Auditor of Public Accounts, and that it was entitled to a refund of the said money. In addition to the answer filed, the appellee filed a demurrer challenging the sufficiency of the bill on the following grounds:

"1. The bill shows that the fund which complainant, a state official, seeks to escheat to the state is already in the hands of another state official.

"2. The bill shows that, if the state is entitled to the fund sought to be escheated at all, it would be more advantageous to the state to let it remain in the hands of the state official who already has the custody of it, rather than transfer it to another state official, the complainant, for the reason that fees for complainant's attorneys are asked to be deducted from the fund.

"3. Because there is no provision in law authorizing complainant to maintain this kind of suit.

"4. Because there is no equity in the bill."

The demurrer was sustained in the court below, and an appeal was granted to this court.

The appellee made its answer a cross-bill as against the state Auditor and the State Treasurer.

It is insisted by appellant that he has authority to bring suit under and by virtue of section 1608, Hemingway's 1927 Code (section 1892, Code 1906), and that, because there is no known owner of the fund, as alleged in his bill, it should therefore escheat to the state of Mississippi, that while the statutes of Mississippi do not authorize an escheat except as to estates of decedents with no heir capable of inheriting the same, under the common law personal property escheated to the crown, and that, this state being governed by common-law principles, the court should not have sustained the demurrer.

If it be conceded that some unknown persons have a right of action to recover their proportionate share of this fund from the appellee, and further that this character of property is subject to escheat, which questions we do not here decide, can the state land commissioner, under the statutory authority conferred on him, maintain this suit? It is interesting to note that under the common law technically personal property did not escheat; only immovable property or land escheated. Under the common law, an alien was permitted to own personal property, but under certain circumstances his real property escheated. It was the custom and practice in cases of intestacy, where there was a defect of legal distributees, to transfer the asserted royal title to an ordinary named by the king, preserving as a consideration therefor a certain reversionary proportionate interest. At one time it was held that the trustee who had the property in possession took beneficial title thereto. In the case of Middleton v. Spicer, 1 Brown's Ch. Rep. 201, this doctrine was repudiated, and it was held that the trustee never acquired a beneficial title in such cases. In this country, the right of escheat has been generally held to be based upon the statutory provisions in the several states relative thereto.

The examination of statutes controlling escheats in this state reveal that it has been the policy of this state since 1824 to escheat to the state the real and personal

property of a decedent who left no heir capable of inheriting his property, after the payment of the decedent's debts and the proper charges against the estate for its administration, etc. Section 1594, Hemingway's 1927 Code (section 1878, Code 1906), is as follows:

"If any person die intestate, seized of or holding, either in possession or in right, at the time of his death, real or personal property, or money or choses in action, whether such person were a citizen of the state or not, and leave no heir capable of inheriting the same, all such property shall escheat to the state."

The section following section 1594 denominates the county administrator or sheriff as the escheator, and makes it his duty to ascertain by all practicable means what estate or property within his county, for defect of heirs, has escheated to the state. The other sections provide a scheme or procedure whereby such property as is described in section 1594, supra, may be escheated. The authority of the land commissioner is found in section 1608, Hemingway's Code 1927 (section 1892), and is as follows:

"The land commissioner shall have the power to discharge all the duties and to exercise all the powers herein imposed and conferred upon the county administrator or the sheriff, as the case may be, and he may institute and conduct to final conclusion all escheat proceedings authorized under this chapter, the same to be conducted in the manner herein prescribed."

From this it will be seen that the only class of property to be escheated is the real and personal estate of a decedent who leaves no heir capable of inheriting the property. If the land commissioner could maintain this suit, then the sheriff or county administrator could likewise do so. If there be any escheat of personal property other than the estate of a decedent, under the common law, the right to bring the action is clearly not invested in either the county administrator or sheriff or the land commissioner. No authority, for such investiture of the land commissioner can be found in the language of the

statute, which we have quoted, to bring this suit; consequently, the demurrer was properly sustained. The Land Commissioner's duties herein are statutory, and no power 'or duty as imposed by the statute is here applicable; hence there is no right to maintain the action. The estate sought to be escheated is not that of a decedent without heirs capable of inheriting the same.

Affirmed and remanded.