STATE *ex rel.* ATTY.-GEN. *v.* MISSISSIPPI POWER & LIGHT CO.

(Division B.   Jan. 4, 1932.)

[138 So. 567.   No. 29667.]

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellant.

Green, Green & Jackson, of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The attorney-general brought suit in the circuit court against the Mississippi Power & Light Company for alleged privilege tax due under section 37, chapter 88, Laws of 1930, contending that the defendant was due the privilege tax under said section. It was alleged that at a great many points in the state the defendant was conducting a business under said section, dealing in Frigidaires, Kelvinators, and machines of like character.

The case was tried upon an agreed statement of facts, and the circuit court held that the defendant had paid all privilege taxes due; the case being tried by the circuit judge without a jury by consent of the parties.

The agreed statement of facts, briefly summarized, is as follows:

On March 31, 1930, a contract was entered into between the General Electric Company, a New York corporation, and A. G. Riddick, Inc., a corporation of Delaware doing business in Mississippi, and under this contract Riddick had the disposal of Frigidaires, Kelvinators, and similar machines in the state of Mississippi and in certain other territory. Riddick carries a complete assortment of General Electric Refrigerators at its display room in the city of Jackson and pays the expense of operating said display room, employing the help, etc., and keeps employees at said place to wait on prospective customers from all over the state. This display room is maintained by Riddick for all persons having contractual relations with the said Riddick, including the Mississippi Power and Light Company, who may and do bring pro-

spective customers to the display room to see the line there displayed. The Mississippi Power & Light Company in and about the operation of its divers functions employs many agents and employees who serve in and about things dealt with by that company, and such employees and agents work in selling the General Electric Refrigerators, and the defendant does not employ other agents, except its regular sales force. The Mississippi Power & Light Company and A. G. Riddick had the contract made exhibit to the declaration, in which it was stipulated that Riddick distributes throughout the state of Mississippi and adjoining parts of other states, as a representative of the General Electric Company, electric refrigerators, and employs at divers points subagents for the conduct of the local business, and that it was desired to define the relation between A. G. Riddick, Inc., called the dealer, and the Mississippi Power & Light Company, doing business in the city of Jackson. It is thereby declared that Riddick, Inc., was engaged in the sale, lease, and exchange of electric refrigerators, and operated a general agency or branch office for sales, lease, and exchange of electric refrigerators, and therefor had paid a license fee of one hundred dollars as required by section 37, chapter 88, Laws of 1930; and that the Mississippi Power & Light Company is thereby declared to be a subagent of A. G. Riddick, Inc., in accordance with the terms and provisions of the said act; and that the declaration embodies the true relation heretofore in effect prior to January 1, 1930, and at the present time, and is now made effective in writing to the end that the parties may obtain without question the benefits of the privilege taxation for the above-named Mississippi Power & Light Company, the contract executed as of date January, 1930.

It is further agreed that the Mississippi Power & Light Company has no direct dealing with the General Electric Company, and is not an agent of the General Electric Company, and its sole functions are delineated

and controlled by the contract made between it and Riddick. It is further stipulated that in and about electric refrigerators there is always a service to be maintained; that Riddick at its sole expense keeps a service department and services all refrigerators disposed of by the Mississippi Power & Light Company; that the cost of furnishing this service to customers throughout the territory is based upon two per cent of the gross sales, that being the amount recommended by the General Electric Company; and this cost is approximately fifteen thousand dollars per year, of which the Mississippi Power & Light Company pays no portion, but which is paid exclusively by Riddick in the entire state. Riddick, in addition, has a sales promotion department operated not only on behalf of Riddick, but on behalf of defendant and all other persons having a similar contract. Riddick makes no other contracts than those shown of a nature with the Mississippi Power & Light Company. The expenses of the sales promotion department is approximately twenty-two thousand dollars per year, exclusive of traveling expenses, stationery, and stamps, and this promotion expense benefits Riddick, the Mississippi Power & Light Company, and all other persons holding similar contracts with Riddick.

The defendant does not get any refrigerators direct from the General Electric Company, but all of its dealings are with said Riddick, and it is paid a commission of thirty per cent; Riddick having a contract with the General Electric Company for forty per cent of the list price of the products of the General Electric Company sold by Riddick under his contract. It is agreed that the Mississippi Power & Light Company did business at all points named in the declaration, and that it kept stores and in stock in the stores things electrical, gas fittings, and other equipment supplies, and always had at least one electric refrigerator as a sample; that the defendant, being a corporation, acts solely through agents and em-

ployees, but does not suffer or permit any of its agents or employees to employ other agents for the sale, lease, or exchange of refrigerator machines of like kinds or character with the Kelvinator and Frigidaires, but its entire business is handled by its regular agents and employees, who are paid for their service with a salary. The duties of these employees include the disposition of refrigerators which are supplied through Riddick. The defendant does not lease or exchange electric refrigerators; all of this is handled by Riddick. The display refrigerator is not for the purpose of being sold at the stores of defendant, but is for the purpose of being shown. However, if insisted upon, the display model will be sold and another substituted in its place. Riddick had paid the taxes required of it at the various points where it did business, and the defendant is not acting as a dealer or agent of the Kelvinator, or Frigidaire, or refrigerator machines of like character, but only as a subagent. The defendant had paid a tax of ten dollars as subagent at every place of business operated by it. The sales tax paid by the defendant for 1930 amounted to eighteen thousand two hundred ninety-six dollars and thirty cents.

The privilege tax laws are construed strictly in favor of the citizen and against the state or other taxing power. As said in Pan-American Petroleum Corporation v. Miller, 154 Miss. 565, 122 So. 393, 395: "It is also a well-recognized and fundamental rule of statutory construction that tax laws are to be construed in favor of the taxpayer, and the rule of strict construction in favor of the taxpayer prevails. As we understand this rule, the courts will not extend and expand a statute, imposing a tax burden, to make it include either subjects or persons not within the terms of the statute. Laws imposing privilege taxes are to be construed favorably to the citizen, and no occupation is to be taxed, unless clearly within the provisions of such law."

Also in Bluff City Railway Co. v. Clarke, 95 Miss. 689, 49 So. 177, it is said: "Laws imposing privilege taxes are liberally construed in favor of the citizen, and courts will not extend the statute imposing such taxes beyond the clear meaning of the language employed." See, also, Ex parte Taylor, 58 Miss. 478, 38 Am. Rep. 336; State v. Grenada Cotton Compress Co., 123 Miss. 191, 85 So. 137. Many other authorities to the same effect could be cited.

Taking the agreed statement of facts, upon which the circuit court tried the case, into careful consideration, we think it is clear that the defendant, Mississippi Power & Light Company, was a subagent, and the tax paid by it under the agreed statement of facts was the tax rightfully due the state. It follows that the judgment of the circuit court must be affirmed.

Affirmed.