FRAZIER *v.* STONE, CHAIRMAN OF TAX COMMISSION.

(Division A. Oct. 1, 1934.)

[156 So. 596. No. 31321.]

Cooper & Thomas, of Indianola, for appellant.

58

W. E. Gore, of Jackson, for appellee.

McGowen, J., delivered the opinion of the court.

The Gilmer's Indianola Company, a corporation, filed a declaration against A. H. Stone, State Tax Commissioner, for the recovery of sales tax alleged to have been overpaid by itself and a number of other gin companies to the State Tax Commission. This corporation, situated in the Delta and organized for the purpose of ginning cotton, with fourteen others, likewise having been organized for the same purpose and having assigned their claims to it, was subsequent to the trial in the lower court adjudicated a bankrupt, as well as the other corporations, and the trustee in these bankruptcies, T. A. Frazier, prosecutes this suit.

The gin companies alleged that they had overpaid the privilege or sales tax due, to the extent of one and three-fourths per cent. of the gross income of the several ginneries, which income was derived from the tolls or charges collected by the companies for ginning the cotton.

As shown by the agreed statement of facts, it was the position of the ginneries that if they owed any tax, it was one-fourth of one per cent. on their gross income, which consisted of toll charges for ginning cotton. A lengthy description of the method of ginning cotton is in the record in an agreed statement of facts, which we deem unnecessary to set forth, contenting ourselves with saying that the process of ginning cotton by the use of machinery is that of separating the lint from the seed and compressing the lint in compact bales ready for market.

The authority vested in the State Tax Commission for collecting the tax is found in chapter 90, Laws of 1932, as amended by chapter 91, Laws of 1932.

It is the contention of the appellant that the court erred in rendering judgment for the State Tax Commission, in that the tax imposed by section 2-b of chapter 90 of the Laws of 1932 is the full measure of tax to be collected—one-fourth of one per cent. on the gross income—and that having paid this amount, it was in full discharge of the amount of sales tax due by the several ginneries, though later, upon the advice of his attorney, the State Tax Commissioner required the payment of two per cent. upon the gross income of the ginneries. The payment of the additional one and three-fourths per cent. was protested by the ginneries.

The pertinent part of section 2-b is as follows: "Upon every person engaging or continuing within this state in the business of manufacturing, compounding, or preparing for sale, profit, or use, any article or articles, substance or substances, commodity or commodities, the amount of such tax to be equal to the value of the articles manufactured, compounded or prepared for sale, as shown by the gross proceeds derived from sale thereof by the manufacturer or person compounding or preparing the same (except as hereinafter provided), multiplied by the respective rates as follows," and then a tax of one-fourth of one per cent. was levied upon certain specific manufacturers.

Section 2 provides that a tax shall be levied as provided in the succeeding sections. It is the contention of the appellee, the State Tax Commissioner, that section 2-f of the said chapter 90 levies a tax of two per cent. upon the gross income of certain business of a class of which ginneries are a part. Section 2-f of the chapter is as follows: "Upon every person engaging or continuing within this state in any business, profession, trade or calling subject to a privilege tax under the Privilege Tax Laws of this state, amendments thereto, and not included in the preceding sections, there is likewise hereby levied

and shall be collected, a tax equal to two per cent of the gross income of any such business.''

Section 65, chapter 89, Laws of 1932, imposed a privilege tax upon each person operating a cotton gin for profit, and it is agreed that the ginneries at bar had paid such privilege taxes.

Section 4, par. (c) of said chapter 90, as amended by chapter 91, section 2, exempts from the provisions of this chapter, sales of farm products made by the producers or members of their immediate family or employees forming a part of the producer's organization, in the original state or condition of preparation for sale.

It is the precise contention of appellant, the trustee for the ginneries, that section 2-b imposes a tax upon the operators of cotton gins, because they are manufacturers who prepare for sale the raw cotton by separating the lint from the seed and compressing the lint into bales, and great stress is laid upon the clause, ''or preparing for sale, profit, or use, any article or articles,'' etc. It is not contended that the operator of a gin in Mississippi has anything to do with the sale of the product after it has been ginned and baled: It is a matter of common knowledge, of which we take judicial notice, that these public gins charge for preparing the cotton—a process in which the seed are separated from the lint cotton, the lint cotton is then conveyed through cleaners which remove trash and foreign substances, from thence is conveyed to a press where it is compressed into a bale of cotton, when it is covered with bagging, fastened with ties, weighed, tagged, and marked, and is prepared for sale and use commercially. The operator of the gin does not sell the cotton, does not control the sale of it, and has nothing further to do with it after the ginning of the same, or any interest therein, except his lien on it for the charge to the producer for the service rendered. Section

2-b does not contemplate that the gross income shall be the basis of calculation for the collection of the tax.

. The basis of the tax under section 2-b is upon the value of the product—the gross proceeds of the sale thereof by the manufacturers, or persons compounding or preparing the same multiplied by the respective rates, which is, in this case, one-fourth of one per cent. The ginneries were not engaged in selling the cotton, but in ginning it—separating the seed from the lint cotton, and preparing it for the producer for commercial use. It is difficult to imagine how, under the language of the act, it can be said that the Legislature intended to levy a tax upon the ginner based upon the sale price or value of the article ginned with which he had nothing to do. It is perfectly obvious to us that section 2-b does not impose a sales tax upon the operator of a public gin, and that the Legislature did not so intend, even should a ginner be classed as a manufacturer. In construing section 2-b, we must apply the well-known rule that a tax is not imposed by inference; the language must be clear and unequivocal. See Pan-American Petroleum Corporation v. Miller, 154 Miss. 565, 122 So. 393, and the authorities there cited.

This disposes of the case; for it is apparent that section 2-f imposes a tax of two per cent. on the gross income of all persons engaged in the businesses required to pay a privilege tax under the privilege tax statutes. It is conceded, in this case, that chapter 89, section 65, imposes a tax on the operator of a gin. The tax here is imposed upon the operator of a gin, calculated upon the amount of the gross income, which, in this case, would be the tolls charged by the ginneries.

Counsel for the appellant seems to waive any claim for exemption; but if the operators of the gins are exempt by the language contained in section 4 (c), as amended by chapter 91, section 2, mentioned above, then they would be entitled to recover their one and three-

fourths per cent. The claim of exemption must be established clearly by the language of the act. It is plain that the exemption granted by section 4 (c), as amended, is to the producer and not to the ginner, who processes the cotton for hire.

We have but little difficulty in reaching the conclusion in this case that the State Tax Commissioner correctly construed the statute requiring a tax of two per cent. upon the gross income of the gin operators; and, therefore, the appellant is not entitled to any recovery in this case.

Affirmed.