Sperry & Hutchinson Co. *v.* Harbison Sheriff.

[86 South. 455, No. 21324.]

1. Licenses. *Privilege tax relating to trading stamps not increased by doing business in several counties.*
    Under chapter 109, Laws of Mississippi of 1912, imposing a privilege tax on each person, firm, or corporation selling or redeeming trading stamps, only one state tax is imposed upon a corporation engaged in the business in several counties.

2. Statutes. *Tax laws not construed as imposing burdens on doubtful interpretation.*
    Laws imposing taxes are not to be construed as imposing burdens upon doubtful interpretation.

Appeal from circuit court of Forrest county.

Hon. R. S. Hall, Judge.

Suit by A. E. Harbison, Sheriff and Tax Collector, against the Sperry & Hutchinson Company. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

*Shannon & Schauber* and *Frank T. Wolcott,* for appellee.

Sam C. Cook, P. J., delivered the opinion of the court.

The sheriff and tax collector of Forrest county instituted this suit against the appellant corporation seeking to recover a privilege tax of two hundred and fifty dollars for the years 1913, 1914, and 1915, and for the sum of two hundred and fifty dollars for each of said years as a penalty for the failure to pay the aforesaid privilege tax.

The defendant below was a foreign corporation, and, having complied with the laws of this state, the secretary of state issued to it a certificate authorizing it to carry on its business in this state. Having received the certificate, the corporation opened up its business in the city of Natchez.

The legislature of 1912 passed an act, the same being chapter 109, Laws of 1912, levying a privilege tax upon the business being conducted by this corporation. The record shows that the company paid the tax required of it to the tax collector of Adams county. When this suit was brought by the tax collector of Forrest county, the defendant pleaded in bar of the action that it had paid all the taxes required of it to the tax collector of Adams county and produced with its plea the receipts for same. A judgment was rendered against the defendant and he appeals to this court.

The precise question presented is: Was this defendant required to pay a single tax for the privilege of conducting its business in this state, or is it required to pay a tax for every place of business opened by it in the state? It appears that it opened a business in Natchez, Adams county, Miss., and in Hattiesburg, Forrest county, Miss., and paid its privilege tax to sheriff of Adams county. Must it pay again to the sheriff of Forrest county? To make clear the issue, we here copy the statute, viz.:

"An act creating a privilege tax in the state of Mississippi on the business of selling to merchants trading stamps, or certificates of like character, intended to be issued to their customers and redeemed in money or goods; and on the business of redeeming such trading stamps or certificates in money or goods after issuance.

"Section 1. Be it enacted by the legislature of the state of Mississippi, that privilege taxes be levied on the following occupations in the state of Mississippi:

"Sec. 2. On each person firm or corporation engaged in the business of selling to merchants trading stamps, premium stamps, or stamps or certificates of like nature or character, to be by them issued to their customers and redeemed in money or goods . . . . two hundred and fifty dollars.

"Sec. 3. On each person, firm or corporation engaged in the business of redeeming in money or goods such trading stamps, premium stamps or stamps or certificates of like

nature or character, as are mentioned in section 2 of this act when said stamps or certificates shall have been sold. to merchants by some person, firm or corporation other than the person, firm or corporation redeeming the same . . . two hundred and fifty dollars.

"Providing that when any person, firm or corporation shall be engaged in both selling and redeeming stamps and certificates within the meaning of this act, only one privilege tax shall be collected therefrom.

"Sec. 4. That this act take effect and be in force from and after its passage.

"Approved March 16, 1912."

It will be observed that the legislature levied the tax or privilege upon "each person, firm or corporation engaged in the business" sought to be double taxed in this case. Construing a statute in all essentials similar to the one under review in the instant case, this court, in *State* v. *Grenada Cotton Compress Co.,* 85 So. 137, said:

"As we view it, the language of the statute is plain and unambiguous, and a reversal would require a judicial amendment of the statute itself. The tax is expressly imposed upon 'each compress company ' "

In the present case the tax is levied upon "each person, firm or corporation engaged in the business," and not on each store or place of business. It seems quite clear that the learned trial judge gave the statute a broader meaning than its language warranted.

*Reversed and dismissed.*