McKENZIE *et al. v.* ADAMS-BANKS LUMBER CO.

(Division B.   May 19, 1930.)

[128 So. 334.   No. 28703.]

May, Sanders, McLaurin & Byrd, of Jackson, for appellants.

Green, Green & Potter, of Jackson, for appellee.

484

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Hinds county against appellant, the sheriff, and tax collector of Scott county, and the United States Fidelity & Guaranty Company, surety on his tax collector's bond, to recover the sum of two thousand three hundred four dollars and three cents, alleged to have been illegally collected from the appellee by appellant as a penalty of ten per cent for delinquency by appellee in the payment of its state and county taxes for the year 1924. There was a trial before the judge of the circuit court, sitting as both judge and jury, on agreed facts, which facts were embodied in a written stipulation, signed by the parties, and made part of the record. There was a judgment in favor of appellee in the sum of nine hundred eighty-eight dollars and twelve cents, with six per cent interest there-

on from January 1, 1925, aggregating one thousand three hundred forty-nine dollars and seventy-six cents. From that judgment appellant prosecutes this appeal.

The following is deemed a sufficient statement of the case to develop the questions involved: Appellant was the sheriff of Scott county. Appellee owned a large amount of lumber and sawmill machinery in the county; the assessment on which for the year 1924, as approved by the board of supervisors, was fixed at one hundred fifty thousand dollars on the lumber and one hundred eighty thousand dollars on the machinery. After the approval by the board of supervisors, the state tax commission made an order, which the board of supervisors carried out resulting in the assessment of appellee's lumber at three hundred thousand dollars instead of one hundred fifty thousand dollars, and its machinery at three hundred sixty thousand dollars instead of one hundred eighty thousand dollars. When this raise was ordered by the state tax commission, appellee appeared before the board of supervisors and protested against the raise. Nevertheless, the board approved the raise as directed by the state tax commission. From that order of the board appellee appealed to the circuit court, giving the bond, provided by the statute in the sum of seventy thousand dollars.

Before the next term of the circuit court, and while this appeal was pending, appellant conceived it to be his duty to collect by distraint of appellee's personal property the state and county taxes based on the increased assessment of appellee's property, so ordered by the state tax commission, and approved by the board of supervisors, amounting to twenty-three thousand forty dollars and thirty-six cents. Appellant demanded that sum, and, in addition, ten per cent penalty, making a total of twenty-five thousand three hundred forty-four dollars and thirty-nine cents. In order to prevent its property from being sold for the taxes, appellee paid appellant the

amount demanded by the latter, at the time protesting against such payment. Thereafter the circuit court heard appellee's appeal from the action of the board of supervisors in increasing the assessed values of its property; that trial resulting in a judgment in favor of appellee, reducing the assessed values of its property to substantially those sums at which they stood when first approved by the board of supervisors, and before the increase was ordered by the tax commission. The judgment of the circuit court fixed the assessed value of the lumber at one hundred fifty-four thousand four hundred twenty-six dollars, and of the machinery at one hundred ninety-one thousand eight hundred eighty-three dollars and eighty-two cents; and the result of this judgment was that, instead of appellee's taxes amounting to twenty-three thousand forty dollars and thirty-six cents, they only amounted to thirteen thousand one hundred fifty-nine dollars and twelve cents. Appellant thereupon returned to appellee the difference between the two sums, but retained ten per cent of the twenty-three thousand forty dollars and thirty-six cents, claiming that he was entitled so to do under the statute allowing tax collectors ten per cent of all taxes collected by distress. The court allowed appellant's claim as to the amount of taxes appellee was legally due, to-wit, the sum of thirteen thousand one hundred fifty-nine dollars and twelve cents; but denied it as to the difference between that sum and the amount of taxes claimed and collected by appellant by distress. The result was that appellee recovered a judgment against appellant and the surety on his official bond in a sum equal to ten per cent of the amount of taxes illegally collected by appellant from appellee by distress.

Chapter 136 of the Laws of 1922, section 8234 of Hemingway's Code of 1927, provides, among other things, that all taxes remaining unpaid on the first Monday in January shall be immediately collected by the tax collector by distress and sale of any personal property

liable therefor. Chapter 294 of the Laws of 1920, amended (Laws 1924, chapter 206), section 1951 of Hemingway's Code of 1927, provides that the tax collector shall be entitled to collect ten per cent from delinquent taxpayers on all taxes collected on personal property, "when collected by distress and sale, or when action has been begun to distrain or sell." Section 4310 of the Code of 1906, section 8229 of Hemingway's Code of 1927, provides that, in case of an appeal from the judgment of the board of supervisors in the matter of an assessment of property for taxes, the appeal shall not delay the collection of taxes due by the assessment as approved; and, if such taxes be collected before the final disposition of the appeal, and the judgment be in favor of the person appealing in whole or in part, any money improperly collected from him for taxes as shown by such judgment shall be refunded to him by the state and the county respectively, if they have received the money; and, if not, the tax collector shall refund it to him. The statute then provides the method by which the taxpayer shall establish his claim against the state and the county, in case the state and county have received the taxes.

The paragraph of section 2 of chapter 206 of the Laws of 1924, headed "Tax collector's fees for collecting delinquent taxes," provides, in part, as follows:

"Ten per centum on all taxes collected on personal property when collected by distress and sale, or when action has been begun to distrain or sell, and ten per centum on all taxes collected on real property when and after such property has been listed for advertisement for sale, provided no penalty shall attach until thirty days after a legal assessment has been approved."

Appellant's position is that under these statutes it was the duty of appellee to pay its taxes on the basis of the judgment of the board of supervisors, notwithstanding it had taken an appeal to the circuit court from such judgment; and that, failing to do so, appellant was required to collect the taxes by distress, which he did; and

was therefore entitled to the penalty of ten per cent pro-vided by the statute on taxes so collected by him, regard-less of whether appellee was legally due the amount of taxes collected or not.

Tax laws are to be strictly construed against the tax-ing power. The courts will not extend or expand a tax statute so as to impose a burden on the taxpayer which is not within the plain language and intent of the statute. Pan-American Petroleum Corp. v. Miller, 154 Miss. 565, 122 So. 393; Board of Levee Commissioners v. Howze, 149 Miss. 843, 116 So. 92; Sperry v. Harbison, 123 Miss. 674, 86 So. 455; Middleton v. Lincoln County, 122 Miss. 673, 84 So. 907, 909.

Applying these principles, we are of opinion that the judgment in this case should be affirmed. The statutes above referred to are to be construed together. If it can be done without violating their manifest purpose, they should be so construed as to work out a consistent scheme, and one that will be just to both the taxpayer and the public. All will agree that the taxpayer ought not to be mulcted in a penalty for the nonpayment of taxes illegal-ly assessed to him.

We think the other statutes referred to are so modified by the paragraph of section 2 of chapter 206 of the Laws of 1924, copied above, that appellant was not entitled to the ten per cent penalty in this case except in so far as the assessment of the property was legal. The statute simply provides that no penalty shall attach until after the expiration of thirty days "after a legal assessment has been approved." "Legal assessment" was doubtless used advisedly by the legislature. The legislature must have had in mind that it would be unjust to force a de-linquent taxpayer to pay the ten per cent penalty on all taxes, whether based on a legal or an illegal assessment. It is true that under the statute the tax collector has the right to collect both the taxes and the ten per cent penalty thereon, pending an appeal from the assessment by the taxpayer; but the ultimate legality of such a collection

depends upon the result of the appeal from the assessment. Temporarily such a collection is legal; but, if the appeal is decided in favor of the taxpayer in whole or in part, to that extent the taxes collected are illegally collected, and the taxpayer is not only entitlted to have returned to him the taxes illegally collected, but, in addition, the ten per cent penalty based thereon. It is true, as argued by appellant, that the taxpayer can avoid the entire penalty by paying all the taxes claimed against him, whether legal or illegal. However, that would often work a great hardship on the taxpayer. This is illustrated by the particular case in hand. Appellee, to avoid the penalty in this case, would have been required to pay to appellant something like ten thousand dollars more than it was due to pay; and thereby appellee would have been deprived of the use of that amount of money, pending the assessment appeal. That is exactly what occurred in this case, except that appellee waited until its personal property was distrained for the taxes before making payment. If the statute provided that the taxpayer could avoid the penalty by tendering to the tax collector the amount of taxes legally due, the taxpayer would have great difficulty in determining what amount of taxes he was legally due, and, of course, it would be equally difficult for the tax collector to determine that question. For illustration, take the facts of this case: The board of supervisors first approved an aggregate assessment of appellant's property in the sum of three hundred thirty thousand dollars; afterwards the state tax commission made an order which required the assessment to be raised to six hundred sixty thousand dollars; the board of supervisors thereupon raised the assessment to that amount. Appellant appealed to the circuit court from the order of the board of supervisors, and in the circuit court a judgment was entered fixing the assessed value of appellant's property in the sum of three hundred forty-six thousand three hundred nine dollars and eighty-two cents. The difficulty of appellee's arriving at the sum to

490

be tendered the appellant in order to avoid the ten per cent penalty is at once apparent. So the statute provides that the penalty should not attach in any case until thirty days after a *legal assessment* had been approved.

Affirmed.