GULLY, STATE TAX COLLECTÓR, *v.* WHITE *et al.*

(Division B.   March 27, 1933.)

[146 So. 852.   No. 30420.]

Chalmers Potter, of Jackson, for appellant.

Butler & Snow, Lotterhos & Travis and Wells, Jones, Wells & Lipscomb, all of Jackson, for appellees.

694

**Ethridge, P. J.,** delivered the opinion of the court.

W. J. Miller, former state tax collector, filed a declaration against Carl C. White, state auditor at the time the suit was filed, to recover a twenty per cent commission

allowed the state tax collector, for money recovered from public officers by suit or by the activities of the state tax collector.

The suit grew out of the fact that certain gasoline taxes, for gasoline on hand at the time of the enactment of the statute, had been paid to the auditor by several companies under protest, the companies claiming that they were not liable for taxes on gasoline on hand at the time of the enactment of the statute. This gasoline tax so paid under protest amounted to two hundred twenty-two thousand two hundred sixty-one dollars and seventeen cents, of which sum one hundred ninety thousand eight hundred fifty-three dollars and fifty-eight cents was collected by the then attorney general from certain taxpayers and paid over to the state auditor. All of these taxes were paid under protest, and the auditor did not pay them into the state treasury on or before the 20th day of the following month, the taxes having been collected in June, 1928. The state tax collector had employed a deputy on a basis of fifteen per cent of the amount of funds collected by the activities of said deputy, provided it should not exceed five thousand dollars per year. On or about November 1, 1928, the state tax collector having discovered from the books of the auditor that this money had been paid to him, and had not been turned into the state treasury, demanded that such funds be paid into the state treasury. On November 6, 1928, another demand was made, specifying each collection, that same be paid into the state treasury, and on November 20, 1928, the state auditor paid into the state treasury said money. Demand was then made upon the auditor for the commission of the state tax collector which was twenty per cent thereof, of which fifteen per cent was to be paid to the deputy. Subsequent to the payment of this money to the auditor under protest, as stated, suit was brought to test the legality, and it was held that the tax did not apply to gasoline on hand at the time of the passage of the act, and that the companies so paying said tax under

protest were entitled to recover it back. See Pan-American Petroleum Corp. v. Miller, 154 Miss. 565, 122 So. 393.

Consequently, the state was never entitled to the legal title to said money, and never had the legal custody thereof.

It is insisted, however, that under the authorities a public officer collecting money must pay same into the proper treasury whether the collection was legal or not; that when an officer collects by virtue of his office, he must turn the funds into the proper treasury; and that he cannot refuse to so do, and raise an issue as to the rightfulness of the state to the funds so collected, as against his principal, the state, county, or other body entitled to the taxes.

Under section 6987, Code 1930, it is the "duty of the state tax collector to investigate the books, accounts and vouchers of all fiscal officers and depositories of the state, and of every county, municipality and levee board and taxing district of every kind, and to sue for, collect and pay over all money improperly withheld by such fiscal officer or depository and he has the power to sue and right of action against all such officers and depository and their sureties to collect any such moneys; but if the delinquency appear by a correct open account on the books of the proper accounting officer . . . the right of the state tax collector to sue shall arise only after he has given thirty days' notice to the delinquent officer or depository to pay over the amounts and he fails to do so."

As stated, the money was paid within thirty days, after demand, as provided by the statute.

By chapter 328, Laws 1924, it is provided that: "Any officer . . . who shall improperly withhold same [public funds] from the state or county treasurer or other authority whose duty it is to receive same . . . or who shall in any wise be in default as to any money or property held by him as a public official in this state, or in any other capacity as custodian of such funds or property, shall be liable on his bond for all cost of col-

lection or recovery of money or property, including in such costs the commissions, if any, of the revenue agent.''

This statute is not to be extended by construction beyond its terms, as it is penal in its nature and imposes liability upon public officials not theretofore existing.

We do not think the state auditor was subject to the penalty under this statute, because, in fact, the state was not entitled to the money which had been collected. This money had been paid to the auditor under protest, and he was liable to the companies therefor in case it should turn out, as in the case here, that the state did not have the right to funds so paid to the auditor. In other words, the provisions of the statute quoted above are not applicable to the case at bar. When a person pays a tax under protest, he should, before the time the collector is required to pay it into the treasury, institute his action to test the right of the taxing body thereto, and to prevent the officer from paying it into the treasury. If the necessary proceedings are not taken within the required time, the officer should pay the funds into the treasury. But, in case of default, he is not liable for the state tax collector's commission of twenty per cent, unless the money paid over is rightfully the money of the state, county, or other public body.

We are of the opinion that the circuit court was correct in sustaining the demurrer to the declaration in this case.

The deputy tax collector is in no better position than his principal, the state tax collector, for money he discovers being withheld from the treasury which does not belong there. He is not entitled to a commission on such money, and has no vested right to a commission on the mere fact that he discovers money had been collected and should be paid into the proper treasury.

The judgment will be affirmed.

Affirmed.